1DUFRESNE, Chief Judge.
This is an appeal by John J. Zamora, III, administrator of the succession of John A. Picolo, Sr., and several heirs of the decedent, from a summary judgment in favor of the decedent’s surviving spouse, Mary Ann Cabes Picolo, for reimbursement of her separate funds advanced to pay debts of the succession. Specifically, Mrs. Picolo was awarded $8,013.64 for funeral expenses and $160,887.86 for payments of one-half the principal and interest on the family home over which she enjoys a legal usufruct. For the following reasons we set aside the judgment as premature, and remand the matter for further proceedings.
The underlying facts are these. John Picolo died intestate in 1988. He was survived by his second wife, appellee here, and five children of a prior marriage who with the administrator are appellants. Mrs. Picolo opened the succession in 1991, by petitioning to be appointed administra-trix. The next pleading in the designated record is Mrs. Picolo’s Formal Proof of Claim of June 23, 1998, in which she sought ^reimbursement for payment of various debts of the succession with her separate funds. The record shows that John J. Zamora, III, an accountant and attorney, was appointed administrator on August 4, 1993, and has continued in that capacity to date.
Zamora disputed the proof of claim and urged a motion for summary judgment basically arguing that the claim for reimbursement could not be brought until Mrs. Picolo’s legal usufruct terminated, citing La. Civ.Code, Arts. 590 et seq. Mrs. Picolo responded by urging similar motions, one in regard to the funeral expenses and a second in regard to the mortgage payments. She argued that because the succession was still under administration her legal usufruct had not commenced, and therefore the Civil Code articles dealing with reimbursement of funds advanced by usufructuaries did not apply. The trial judge denied Zamora’s motion and granted those of Mrs. Picolo. This appeal followed.
Because this is an intestate succession, La. Civ.Code, AH. 890 provides that Mrs. Picolo has a usufruct over the decedent’s share of all community property until her remarriage or death. This interest in the succession is a “usufruct under universal title,” Art. 587, see Succession of Davis, 536 So.2d 498 (La.App. 1st Cir.1988).
Article 590 of the Civil Code provides:
When it is necessary to satisfy a creditor of the succession, the succession representative with the authorization of the proper court or the universal successor may sell so much of the property subject to a universal usufruct of usufruct under universal title, as may be required to yield a sum for the discharge of the indebtedness. The usufructuary may prevent the sale by advancing the funds needed in accordance with the following provisions.
Article 592 provides pertinently:
When the usufructuary advances funds needed for the | ¡¡discharge of the debts of the succession, he shall be reimbursed without interest at the end of the usufruct.
Article 590 contemplates a situation where a succession is under administration and there is a person entitled to a usufruc- *324 tuary interest in succession property. If the administrator needs funds to pay debts of the succession, he may sell succession property to obtain those funds notwithstanding the existence of a usufruct. However, if the usufructuary desires to maintain her right of enjoyment of the property, she may advance funds to the succession representative to pay the debts, thus obviating the need for the sale. Clearly, this situation can only arise during the administration, and not after the judgment of possession finalizing the usu-fructuary’s rights has been entered.
This is precisely the situation in the present case. Although there is no showing in the record that the administrator presented to the usufructuary the choice of either paying the funeral expenses and the mortgage notes or having the property sold, she nonetheless undertook those obligations during the course of the administration. That being the case, under Article 592 her claim for reimbursement can not be urged until the termination of the usufruct. The trial judge thus erred in entering ,the judgment for reimbursement of the funeral and mortgage expenses during the continued existence of the usufruct.
Although the parties have urged various exceptions and alternative arguments as to the disposition of the case, the above determination that the judgment was incorrect renders those issues moot.
|4For the foregoing reasons the judgment of the district court is set aside and the case is remanded for further proceedings not inconsistent with this opinion.

JUDGMENT SET ASIDE, CASE REMANDED FOR FURTHER PROCEEDINGS.